UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                    17-CV-0442-LJV-MJR

                                             REPORT AND
                                             RECOMMENDATION

    v.

$27,601.00 UNITED STATES CURRENCY,

               Defendant.
_____

      This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable Lawrence J. Vilardo, for hearing and reporting on dispositive motions for consideration by the District Court. This is an *in rem* action for the forfeiture of the sum of $27,601.00 United States Currency ("defendant currency"), which was seized from Lance A. Rucker ("Rucker" or "claimant") on or about October 17, 2016, pursuant to Title 21, United States Code, Section 881(a)(6). Before the Court is the Government's motion to strike Lance Rucker's claim to the defendant currency. (Dkt. No. 11). For the following reasons, it is recommended that the motion to strike be granted.

      In January of 2015, Rucker was sentenced to five years of probation by the Erie County Criminal Court for criminal possession of a controlled substance in the third degree.[1] On or about October 12, 2016, the Town of Hamburg Police Department Narcotics Unit and the Drug Enforcement Administration ("DEA") began an investigation of Rucker with respect to marijuana trafficking, which included a controlled purchase of

---

[1] The following facts have been taken from the verified complaint and other pleadings filed in this matter.

marijuana between a confidential source and Rucker.  On October 17, 2016, Erie County Probation conducted a search of Rucker's residence.  Rucker informed the probation officer that he had marijuana and approximately $27,000 in his upstairs bedroom.  The defendant currency was discovered in a bag in Rucker's closet.  The DEA seized the defendant currency and transported it to their local office, where a certified narcotics detection canine alerted to the currency as an indication for the odor of a controlled substance.

On May 18, 2017, the Government filed a verified complaint for forfeiture of the defendant currency.  (Dkt. No. 1).  The Government alleged that the defendant currency was intended to be exchanged for controlled substances or was used or intended to be used to facilitate the purchase or selling of controlled substances, and therefore was subject to seizure and forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).  *Id.*  A copy of the verified complaint, arrest warrant *in rem*, and notice of complaint for forfeiture was served on Rucker on June 5, 2017.  (Dkt. No. 11, ¶3).  Rucker was also notified that the deadline to file a claim to the defendant currency was July 10, 2017, and that an answer to the verified complaint was due within twenty-one days after filing the claim.  (*Id.* at ¶4).

Also on June 5, 2017, Rucker filed a claim for the return of the defendant currency.[2]  (Dkt. No. 2).  Therein, Rucker stated that he is the owner of and has a possessory interest in the defendant currency.  *Id.*  On June 26, 2017, the Government filed a Declaration of Publication indicating that a Notice of Civil Forfeiture was posted on an official government internet site for at least 30 consecutive days, beginning on May 23, 2017.

---

[2] Attorney Jeremy D. Swartz filed a notice of appearance to represent the defendant currency on behalf of Rucker.  (Dkt. No. 4).

(Dkt. No. 8). A warrant hearing was held before Judge Vilardo on August 7, 2017, and the Government represented that it intended to file a motion to strike Rucker's claim for failure to file an answer. (Dkt. No. 10). No appearance was made on behalf of claimant and the defendant currency. *Id*.

On August 9, 2017, the Government filed a motion to strike Rucker's claim to the defendant currency. (Dkt. No. 11). A status conference was held before this Court on August 29, 2017. (Dkt. No. 12). No appearance was made on behalf of claimant and the defendant currency. *Id*. The Court set a response deadline of September 12, 2017. *Id*. To date, no response has been filed to the Government's motion to strike the claim.

Civil forfeiture claims are governed by Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), as well as the Civil Asset Forfeiture Reform Act of 2000. *United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014). Pursuant to the Supplemental Rules, a person asserting an interest in a defendant *in rem* must file a claim in the court where the civil action is pending. *Id*. at 197. Within twenty-one days of filing the claim, the claimant must file either an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedures. *See* Supplemental R. G(5)(b). Where a claimant fails to comply with the procedural requirements of the Supplemental Rules, the Government may move to strike the claim for lack of standing. *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999). Strict compliance with the Supplemental Rules is typically required. *United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993).

Here, claimant's answer was due on June 26, 2017, twenty-one days after he filed a claim to the defendant currency. Not only has Rucker failed to file an answer, but he

3

has also failed to appear for the warrant hearing before Judge Vilardo and the status conference addressing the motion to strike before this Court. Further, he has failed to respond to the Government's motion to strike and has otherwise offered no reason for failing to file an answer. Because claimant has not filed a timely answer to the verified forfeiture complaint in accordance with Supplemental Rule G(5)(B), his claim to the defendant currency should be struck.[3] *See United States v. $27,601.00 United States Currency,* 800 F. Supp. 2d 465 (WDNY 2011) (motion to strike a claim granted where claimant did not file an answer or attempt to demonstrate excusable neglect for failing to do so); *United States v. All Right, et al.*, 98 Civ. 2279, 2011 U.S. Dist. LEXIS 28855 (SDNY March 11, 2011) ("When a claimant fails to file an answer, he or she does not have standing to bring a claim."); *United States v. $5,227.00 United States Currency*, 12-CV-6528, 2013 WL 2450733 (WDNY June 5, 2013) (motion to strike claims granted where claimants did not "provide[] any reason for their failure to comply with the Supplemental Rules such that [the] Court could find excusable neglect and dispense with the procedural requirements"); *United States v. $541,395.06 United States Currency*, 10-CV-6555, 2012 WL 3614294 (WDNY Aug. 21, 2012) (claimant lacked statutory standing where the answer was filed untimely pursuant to the Supplemental Rules, and claimant failed to attach a certificate of service of the answer or otherwise demonstrate proof of service on the government).

For the foregoing reasons, it is recommended that the Government's motion to strike Lance Rucker's claim to the defendant currency (Dkt. No. 11) be granted.

---

[3] Because the Court recommends granting the motion to strike on the basis of claimant's failure to file an answer, it will not address the Government's alternative argument that the claim should be dismissed for lack of standing based upon claimant's failure to sufficiently state an interest in the defendant currency.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Vilardo.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See* [Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988)](#).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED.**


DATED: September 27, 2017
       Buffalo, New York


                                        /s/ Michael J. Roemer
                                        MICHAEL J. ROEMER
                                        United States Magistrate Judge