UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,       17-CV-0442-LJV-MJR

                                    REPORT AND RECOMMENDATION

     v.

$27,601.00 UNITED STATES CURRENCY,

              Defendant.
_____

      This case has been referred to the undersigned pursuant to Section 636(b)(1) of

Title 28 of the United States Code, by the Honorable Lawrence J. Vilardo, for hearing and

reporting on dispositive motions for consideration by the District Court.  This is an *in rem*

action for the forfeiture of the sum of $27,601.00 United States Currency ("defendant

currency"), which was seized from Lance A. Rucker ("Rucker") on or about October 17,

2016, pursuant to Title 21, United States Code, Section 881(a)(6).  Before the Court is

the Government's Motion for a Default Judgment and Order of Forfeiture as to defendant

currency.  (Dkt. No. 15).  For the following reasons, it is recommended that the motion be

granted and an order of forfeiture entered.

### RELEVANT FACTS AND BACKGROUND

      In January of 2015, Rucker was sentenced to five years of probation by the Erie

County Criminal Court for criminal possession of a controlled substance in the Third

degree.[1]  On or about October 12, 2016, the Town of Hamburg Police Department

Narcotics Unit and the Drug Enforcement Administration ("DEA") began an investigation

of Rucker with respect to marijuana trafficking, which included a controlled purchase of

---

[1] The facts herein have been taken from the verified complaint and other pleadings filed in this matter.

marijuana between a confidential source and Rucker.  On October 17, 2016, Erie County Probation conducted a search of Rucker's residence.  Rucker informed the probation officer that he had marijuana and approximately $27,000 in his upstairs bedroom.  The defendant currency was discovered in a bag in Rucker's closet.  The DEA seized the defendant currency and transported it to their local office, where a certified narcotics detection canine alerted to the currency as an indication for the odor of a controlled substance.

On May 18, 2017, the Government filed a verified complaint for forfeiture of the defendant currency.  (Dkt. No. 1).  The Government alleged that the defendant currency was intended to be exchanged for controlled substances or was used or intended to be used to facilitate the purchase or selling of controlled substances, and therefore was subject to seizure and forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).  *Id.*  A copy of the verified complaint, arrest warrant *in rem*, and notice of complaint for forfeiture was served on Rucker on June 5, 2017.  (Dkt. No. 11, ¶3).  Rucker was also notified that the deadline to file a claim to the defendant currency was July 10, 2017, and that an answer to the verified complaint was due within twenty-one days after filing the claim.  (*Id.* at ¶4).

Also on June 5, 2017, Rucker filed a claim for the return of the defendant currency.  (Dkt. No. 2).  On June 26, 2017, the Government filed a Declaration of Publication indicating that a Notice of Civil Forfeiture was posted on an official government internet site for at least 30 consecutive days, beginning on May 23, 2017.  (Dkt. No. 8).  A warrant hearing was held before Judge Vilardo on August 7, 2017, and the Government represented that it intended to file a motion to strike Rucker's claim for failure to file an

answer. (Dkt. No. 10). No appearance was made on behalf of Rucker and the defendant currency. *Id*. On August 9, 2017, the Government filed a motion to strike Rucker's claim to the defendant currency. (Dkt. No. 11). A status conference was held before this Court on August 29, 2017. (Dkt. No. 12). Again, no appearance was made on behalf of Rucker and defendant currency. *Id*. The Court set a response deadline of September 12, 2017 and no response was filed to the Government's motion to strike the claim. On September 27, 2017, the Court issued a report recommending that the Government's motion to strike Rucker's claim be granted because he failed to file a timely answer to the forfeiture complaint. (Dkt. No. 13). The District Court issued an order adopting the recommendation and granting the Government's motion to strike Rucker's claim on October 19, 2017. (Dkt. No. 14).

On November 2, 2017, the Government filed the instant Motion for Default Judgment and Order of Forfeiture. (Dkt. No. 15). The Government also filed a request for Clerk's Entry of Default on November 30, 2017. (Dkt. No. 16). The Clerk of the Court entered a judgment of default against defendant currency on December 1, 2017. (Dkt. No. 17). A motion hearing on the request for default judgment was held before the Court on December 1, 2017. Counsel appeared on behalf of the United States and no appearance was made on behalf of Rucker or defendant currency.

## DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure provides that default judgment is appropriate when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. *See* Fed. R. Civ. P. 55(a); *United States v. Assorted Silver and Gold Bars and Coins*

*valued at Approximately $23,445.00*, 12-CV-6455, 2014 U.S. Dist. LEXIS 87175 (WDNY June 25, 2014).  Entry of a party's default pursuant to Rule 55(a) is a mandatory prerequisite for entry of a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.  *Id.*; *accord Dow Chem. Pacific Ltd. v. Rascator Maritime, S.A.*, 782 F.2d 329, 335 (2d Cir. 1986).

Here, default judgment is appropriate because Rucker and any other potential claimant have had ample notice and opportunity to respond, but have failed to do so. Indeed, Rucker failed to file a timely answer to the forfeiture complaint, did not respond to the Government's motion to strike his claim, failed to appear at a number of court conferences and hearings, and did not file objections to the Court's recommendation to strike his claim.  Likewise, Rucker did not respond to the Government's Motion for Default Judgment and Order of Forfeiture, nor did he attend the motion hearing.  Indeed, Rucker has been represented by counsel throughout these proceedings.  His counsel received notice of the Motion for Default Judgment and the Clerk's Entry of Default through the electronic case filing system, and had the ability to file a response in opposition or appear at the hearing.  In addition, a Notice of Civil Forfeiture was previously published by the Government, and no other party has filed a timely claim to the defendant currency or answer to the forfeiture complaint.  Thus, entering a default judgment would not unjustly prejudice Rucker or another interested party.

Therefore, on the basis of the unopposed assertions by the Government in the Verified Complaint and the Affidavit in Support of the Motion for Default Judgment and Order of Forfeiture, the Court recommends that the Government's motion for default judgment be granted.  *See Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d

61, 64 (2d Cir. 1986) (the "typical Rule 55 case [is one] in which a default has entered because a defendant failed to file a timely answer").  It is recommended that the District Court, in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, enter a default judgment against the defendant $27,601.00 United States Currency and enter an Order of Forfeiture pursuant to Section 881(a)(6) of Title 21 of the United States Code.

## CONCLUSION

For the foregoing reasons, it is recommended that the Court grant the Government's Motion for Default Judgment (Dkt. No. 15) and issue the Proposed Default Judgment and Order of Forfeiture (Dkt. No. 15-1).

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72.  Any requests for an extension of this deadline must be made to Judge Vilardo.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.***  *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

Magistrate Judge in the first instance. *See* Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

        **SO ORDERED.**


DATED:        January 3, 2018
              Buffalo, New York



                                        */s/ Michael J. Roemer*
                                        MICHAEL J. ROEMER
                                        United States Magistrate Judge